ROBERT M. ROSS, ESQ., State Bar No. 58173
KLASS, HELMAN & ROSS
16133 Ventura Boulevard, Suite 1145
Encino, California 91436-2424
Telephone: (818) 788-7007
Facsimile: (818) 990-2399

Attorneys for Plaintiff, Michel Gardner

FILED
2014 FEB 24  PM 4:12
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL K. GARDNER,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NA; WELLS FARGO BANK, NA; WELLS FARGO HOME MORTGAGE; FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC; NO RED TAPE MORTGAGE; FIRST HORIZON HOME LOAN CORPORATION; DOES 1-10,<br><br>　　　　　Defendants. | Case No. 2:13-CV-7348 MMM (FFMx)<br><br>Hon. Margaret M. Morrow<br>Ctrm. 780-Roybal<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT [15 U.S.C.A. § 1692, et seq.]; TRUTH IN LENDING ACT [15 U.S.C.A. 1635, et seq.] |

## I. COMPLAINT INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA) and the Truth in Lending Act, 15 U.S.C. § 1601, et seq. (TILA).

2. This is an action for cancellation of the foreclosure sale upon the hereinafter described real property and for damages.

-1-

FIRST AMENDED COMPLAINT

N:\Bob Office\BROWN, AL\COMP AM 1 RMR 2-24 FINAL.wpd

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under: 15 U.S.C. sec. 1692 k (d), 28 U.S.C. sec. 1331, and 28 U.S.C. sec. 1337. Venue is proper pursuant to: 28 U.S.C. § 1391 (b) where the defendants transact business here and the conduct complained of occurred here.

## III. PARITIES

4. Plaintiff MICHEL K. GARDNER is a natural person residing in California. Plaintiff(s) is a consumer within the meaning of 15 U.S.C. sec. 1692 a (3), 15 U.S.C. § 1681 a (c) and the holder of title to real property located at 15128 Valley Vista Boulevard, Sherman Oaks, CA until the wrongful foreclosure by defendants herein.

5. Defendant: BANK OF AMERICA, NA, is a servicing corporation doing business in California, operating from an address: 275 Valencia Ave, Brea, California 92823.

6. Defendant: WELLS FARGO BANK, NA is a servicing corporation operating from an address: 420 Montgomery Street, San Francisco, California 91404.

7. Defendant: WELLS FARGO HOME MORTGAGE operating from an address: P.O. Box 10335 Des Moines, Iowa 50306.

8. Defendant: FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC is a servicing corporation operating from an address: P.O. Box 961254 Fort Worth, Texas 76161.

9. Plaintiff is informed and believes and thereon alleges that none of the named defendants are, or at the time of the foreclosure herein alleged, were beneficial owners of the Promissory Note nor the Deed of Trust (hereinafter

referred to as "Debt Instruments") foreclosed upon and that each of the named defendants were acting solely as "debt collectors" as that term is defined under the Fair Debt Collection Practices Act, 15 U.S.C. 1692a (6) and were not the true owner(s) of the Promissory Note secured by Deed of Trust (hereinafter, the "Debt Instruments").

10. The true names and capacities of the true beneficial owners of the Debt Instruments (Promissory Note and Deed of Trust securing same), whether individual, corporate (including officers and directors thereof), associate or otherwise are presently unknown to plaintiff who therefore sue said defendants as DOES 1 thru 10 inclusive. Plaintiff will ask leave of court to amend this complaint to set forth their true names and capacities when ascertained..

## FACTUAL ALLEGATIONS

11. In or about December 2004, plaintiff purchased the property commonly known as 15128 Valley Vista Boulevard, Sherman Oaks, CA through the use of purchase money mortgages. Shortly thereafter, those mortgages were "refinanced" through Wells Fargo Bank, N.A.

12. Plaintiff is informed and believes and thereon alleges that the Promissory Note and the Deed of Trust securing said property were transferred from the ownership of Wells Fargo Bank, N.A. to Does 1 through 10, in connection with the issuance of a Collateralized Mortgage Obligation ("CMO") which is a negotiable instrument sold by the original beneficiary of the Debt Instruments to an investor or investors in order to raise immediate capital based on the debt owed by the obligor of the note and secured by the deed of trust granted by the obligor as the trustor.

13. Plaintiff is further informed and believes and thereon alleges, that the Debt Instruments executed by plaintiff became part of the collateral securing a "CMO" issued by Wells Fargo Bank, N.A. prior to the foreclosure of plaintiff's

-3-

FIRST AMENDED COMPLAINT

interest in the subject property, and thus, the beneficial ownership of said Debt Instruments was transferred from Wells Fargo Bank, N.A. to the unknown investors sued herein as Does 1 through 10, inclusive.

14. Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as a DOE was, at the time of the foreclosure, the true beneficial owner of the Debt Instruments to the exclusion of Wells Fargo Bank, N.A. and plaintiff is further informed and believes, and thereon alleges that none of the named defendants had any beneficial interest or lawful authority to commence, continue or conclude the foreclosure against plaintiff's interest in the property and that they lacked any true beneficial interest in said Debt Instruments which had been transferred to Does 1 through 10, and that the authority to commence, continue and conclude the foreclosure was solely and exclusively the province of the true, rightful and lawful holders of the beneficial interest(s) in the Debt Instruments and not the named defendants herein.

15. Plaintiff is further informed and believes and thereon alleges that none of the named Defendants had been given authorization, authority or instructions by the true beneficial owners of the Debt Instruments (Does 1 through 10, inclusive) to commence, conduct, continue or conclude the foreclosure upon the plaintiff's property and that the foreclosure thereof was wrongful, illegal and a violation of 15 U.S.C. 1692f (6) (a).

16. Plaintiff contends that Defendants Bank of America, NA; Wells Fargo Bank, NA; Wells Fargo Home Mortgage; First American Trustee Servicing Solutions, LLC; No Red Tape Mortgage; First Horizon Home Loan Corporation, and each of them, have conspired to and did violate plaintiff's rights under the Fair Debt Collection Practices Act by threatening to take, and taking non-judicial action to effect dispossession of plaintiff's interest in the real property located at 15128 Valley Vista Boulevard, Sherman Oaks, CA when defendants had no

beneficial interest in a security interest in said property and were not authorized by the true owners of the beneficial interests in the Debt Instruments to do so.

17.  Plaintiff has requested, and defendants, and each of them have failed to disclose the identities of any of the true beneficial owners of the Debt Instruments which would have put plaintiff on notice of the identity of the true beneficial owner and the person(s) or entity(ies) to whom plaintiff was actually indebted, and the failure and refusal of defendants Bank of America, NA; Wells Fargo Bank, NA; Wells Fargo Home Mortgage; First American Trustee Servicing Solutions, LLC; No Red Tape Mortgage; First Horizon Home Loan Corporation to provide the information requested has impaired plaintiff in her efforts to modify, restructure or otherwise negotiate a resolution of the debt.

18.  Plaintiff is informed and believes and thereon alleges that the suppression of the identity of the true owners of the Debt Instruments constitutes fraud, both intrinsic and extrinsic, and deception of a consumer affecting her rights in a debt which is subject to the Home Ownership and Equity Protection Act of 1994, which amended the Federal Truth In Lending Act 15 U.S.C. 1601, et seq.

19.  Plaintiff is informed and believes and thereon alleges that the failure to notify plaintiff of the assignment of the beneficial interest in the Debt Instruments constitutes a violation of 15 U.S.C. 1641 (g) in that no notice was provided to plaintiff within 30 days of the assignment of the Debt Instruments as expressly required by statute.

20.  Plaintiff is informed and believes that the failure to abide by the express provisions of 15 U.S.C. 1641(g) impaired plaintiff's rights as a consumer and debtor.  Plaintiff is informed and believes that the continuing and ongoing suppression of factual information has and continues to prejudice plaintiff in that the true owners of the beneficial interests in the Debt Instruments are being kept form plaintiff and she is thereby prevented for direct contact and was deprived of

the ability to communicate, modify or otherwise protect her interests in the subject property prior to the wrongful foreclosure by defendants Bank of America, NA; Wells Fargo Bank, NA; Wells Fargo Home Mortgage; First American Trustee Servicing Solutions, LLC; No Red Tape Mortgage; First Horizon Home Loan Corporation.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692 AGAINST THE FORECLOSING DEFENDANTS

21. Plaintiff incorporates by this reference paragraphs 1 through 20 hereof as though fully set forth hereat again in full.

22. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

23. Plaintiff is informed and believes that defendants Bank of America, NA; Wells Fargo Bank, NA; Wells Fargo Home Mortgage; First American Trustee Servicing Solutions, LLC; No Red Tape Mortgage; First Horizon Home Loan Corporation debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6), in that, they have no beneficial interest in the Debt Instruments upon which they sought payment and under which they commenced and consummated a foreclosure of plaintiff's interest in the subject property.

24. Defendants Bank of America, NA; Wells Fargo Bank, NA; Wells Fargo Home Mortgage; First American Trustee Servicing Solutions, LLC; No Red Tape Mortgage; First Horizon Home Loan Corporation violated the FDCPA. by threatening and causing the sale (by foreclosure) of plaintiff's property in a non-judicial foreclosure in violation of 15 U.S.C. §1692f(6).

FIRST AMENDED COMPLAINT

N:\Bob Office\BROWN, AL\COMP AM 1 RMR 2-24 FINAL.wpd

25. As a direct result of the violations of the Fair Debt Collection Practice Act, plaintiff has sustained damages in a sum not yet fully ascertained and plaintiff will ask leave of court to amend this complaint to set forth her true damages or according to proof at time of trial.

26. Plaintiff reserves the right to seek attorneys fees and costs in the event of successful outcome of this litigation as provided for under 15 U.S.C. 1692k (a) (3).

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF FEDERAL TRUTH IN LENDING ACT
## [15 U.S.C. 1601, et seq.]
## AGAINST FORECLOSING DEFENDANTS

27. Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1 through 24, inclusive, as though fully set forth hereat again in full.

28. Plaintiff, notwithstanding requests therefore, has not been provided with the ture name(s), addresses and contact information of the assignees of the Debt Instruments all as required under 15 U.S.C. 1641g. By reason of said failure and refusal to properly notify the plaintiff, as the debtor under the Debt Instruments, debtor was prevented from properly protecting plaintiff's rights in and to the security for the debt.

29. As a direct result of the failure to properly notify plaintiff of the identity of the true owners of the Debt Instruments, and the continuing refusal to do so, plaintiff has sustained damages in an amount not yet fully ascertained and plaintiff will ask leave of court to amend this complaint to set forth such damages when ascertained or according to proof at time of trial.

///

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as follows:

1. For an order vacating and cancelling the Trustees Deed to the property located at 15128 Valley Vista Boulevard, Sherman Oaks, as being an act of defendants Bank of America, NA; Wells Fargo Bank, NA; Wells Fargo Home Mortgage; First American Trustee Servicing Solutions, LLC; No Red Tape Mortgage; First Horizon Home Loan Corporation in violation of 15 U.S.C. 1692f(6)(a);

2. For an order vacating and cancelling the Trustees Deed to the property located at 15128 Valley Vista Boulevard, Sherman Oaks, as being an act of defendants Bank of America, NA; Wells Fargo Bank, NA; Wells Fargo Home Mortgage; First American Trustee Servicing Solutions, LLC; No Red Tape Mortgage; First Horizon Home Loan Corporation in derogation of plaintiff's rights under 15 U.S.C. 1641g;

2. For monetary damages according to proof;

3. For attorneys fees and costs according to proof;

4. For such other and further relief as the court may deem just and proper.

DATED: February 24, 2014                          KLASS, HELMAN & ROSS

                                                  By: _____
                                                  ROBERT M. ROSS, ESQ.
                                                  Attorneys for Plaintiff

-8-

FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 16133 Ventura Boulevard, Suite 1145, Encino, California 91436.

On February 24, 2014, I served the foregoing document, described as:

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT [15 U.S.C.A. SEC. 1692, et seq.]; TRUTH IN LENDING ACT [15 U.S.C.A. 1635, et seq.]**

[X]   By placing [ ] the original [XX] true copie(s) thereof, enclosed in a sealed envelope(s), addressed as follows:

Alvin Brown
15021 Ventura Blvd., #439
Sherman Oaks, CA 91403

Andrew L Minegar
Severson and Werson
19100 Von Karman Avenue Suite 700
Irvine, CA 92612

Jennifer McGready
Wright Finlay & Zak LLP
4665 MacArthur Court Suite 280
Newport Beach, CA 92660

[X]   **BY U.S. MAIL:** I caused such envelope to be deposited in the mail at Encino, California. The envelope was mailed with postage thereon fully prepaid.

I am familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that, on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in this affidavit.

[ ]   **BY OVERNIGHT DELIVERY:** By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as shown above, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents, who received these documents at 16133 Ventura Boulevard, Encino, California 91436.

[ ]   **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

[ ] **BY FACSIMILE:** By transmitting a true copy of the foregoing document(s) via facsimile transmission from this Firm's sending facsimile machine, whose telephone number is 818-990-2399, to each interested party at the facsimile machine telephone number(s) set forth above or on the attached service list. Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this Firm's sending facsimile machine for each interested party served. A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

Service by facsimile transmission was made [ ] pursuant to agreement of the parties, confirmed in writing, or [ ] as a courtesy to the parties.

[ ] **BY ELECTRONIC SERVICE:** By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the e-mail address _____@khrlaw.com at approximately _____. To my knowledge, the transmission was reported as complete and without error.

[X] **State:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] **Federal:** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on February 24, 2014, at Encino, California.

Jeanne Sarmiento